## MEREDITH *vs.* SANBORN.

Where the prothonotary entered a reference of a cause, in terms larger than the written submission of the parties, the court set aside the award and corrected the entry of reference.

They also set aside another award for want of due notice of hearing, and required the parties to agree to the substitution of another reference.

RULE to show cause why an award should not be set aside.

The parties in this case by consent and rule of court, referred this case to arbitrators of their own choosing. The reference was in writing, at the November term, 1848, of all matters in controversy in the cause between the parties, and was entered as a reference of all matters in controversy between the parties in the cause. The parties met and the referees awarded for the plaintiff.

At the May term, 1848, the defendant moved to set aside the award *and the reference,* on the ground that the rule of reference was larger than the submission, and the court set the award aside, but refused to set aside the reference.

The referees met again at the instance of a creditor of the plaintiff, who gave the defendant six days' notice of the hearing. He did not appear, and the referees again awarded for the plaintiff.

At the November term, 1849, the defendant again moved to set the award aside, for want of notice, as the submission did not specify a shorter notice of trial than the practice of the court, which is ten days, allows. 2. That the notice of trial was given and time fixed, not by either party, but by a creditor of the plaintiff, who was a brother of one of the referees; and 3. Because the original submission being at the November term, 1848, one of its conditions was, that the award should be made to the *next* term, and not after; and though the court might impose terms in reference to mere matters of irregularity of proceeding, by approving the award, unless the party consented to such terms, yet this could not be done in any matter involving the power of action which this does, the power of the referees being necessarily limited by the submission to the return term of the reference.

*The Court* set aside the award for want of notice of the exparte rule, and required the parties to agree to the substitution of another referee in place of James N. Sutton. If plaintiff will not consent, the reference to be struck out; if the defendant refuse to agree, the reference to stand.